UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| WILKERSON L. JEAN-LOUIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:16-cv-00200-RLY-MPB |
| ) | |
| SUPERIOR MAITENANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

### ORDER ON DEFENDANT'S MOTION TO DISMISS
### and PLAINTIFF'S MOTION TO PROCEED JUDGMENT

Plaintiff, Wilkerson L. Jean-Louis, filed his *pro se* Complaint against Defendant, Superior Maintenance Company[1], to redress what he believes was a wrongful termination.  Defendant now moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief can be granted.  The court proceeds only under Rules 12(b)(2) and 12(b)(5).

To escape dismissal, Plaintiff bears the burden of proving the validity of service. *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011).  Where there has been insufficient service of process, the court does not have personal jurisdiction over a defendant.  *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991).  A defendant's actual notice of litigation is insufficient to satisfy the requirements for service of process set forth in Rule 4.  *Id.*

---

[1] Defendant is incorrectly identified as "Superior Maitenance Company" in the case caption.

1

Defendant asserts that the Summons and Complaint were not served on it in the manner dictated by Rule 4(h). (*See* Filing No. 9-1, Affidavit of Roderick D. Purdy ¶ 8 ("No director, officer, employee or agent of Superior Maintenance has been served with a summons and copy of the Complaint filed in this action."). Rather, the Gibson County Sheriff's Office served the receptionist of a different company. (*Id.* ¶¶ 4-6). After Defendant filed its motion, Plaintiff filed his Motion to Proceed Judgment, which, despite its title, is actually his response in opposition to Defendant's motion. In that filing, Plaintiff does not challenge the facts regarding service. He has therefore failed to satisfy his burden under Rules 12(b)(2) and 12(b)(5).

Accordingly, Defendant's Motion to Dismiss (Filing No. 8) is **GRANTED** and Plaintiff's Motion to Proceed Judgment (Filing No. 10) is **DENIED**. Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE** for insufficient service of process and lack of personal jurisdiction. Plaintiff is free to refile this action and make another attempt at proper service. However, before he does that, he should carefully review Defendant's arguments regarding his failure to state a claim in order to assess whether the Complaint would likely survive a motion to dismiss.

**SO ORDERED** this 9th day of December 2016.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

2

Distributed Electronically to Registered Counsel of Record.

Distributed via U.S. Mail:

Wilkerson L. Jean-Louis
808 West Evans Street
Princeton, Indiana 47670